EXHIBIT 1

Case 1:08-cv-01646-MSK-CBS    Document 1-2    Filed 08/04/2008    USDC Colorado    Page 1 of 11

07/16/2008 14:37 FAX            ☒003



| DISTRICT COURT, LA PLATA COUNTY, COLORADO<br>Court Address: 1060 East Second Ave., Durango, CO 81301<br>Telephone No.: (970)247-2304 | |
|---|---|
| **Plaintiff:** Carol Clyne<br><br>v.<br><br>**Defendant:** Ray Walters | ■COURT USE ONLY■ |
| Attorney: Michael W. Baty, Esq.<br>The Baty Law Firm, P.C.<br>835 Main Ave., Suite #222<br>Durango, CO 81301<br>Telephone: (970) 247-1117<br>Fax: (970) 247-1169<br>E-Mail: mwbaty@gmail.com<br>Attorney Registration No: 14804 | Case No: 08 CV 151 |
| **COMPLAINT** | |

PLAINTIFF, by and through the undersigned counsel, for her Complaint states:

### JURISDICTION

1. At all times relevant to this action Plaintiff is a resident of La Plata County, Colorado.

2. Defendant is a resident of the State of Oregon.

3. Pursuant to C.R.C.P. Rule 98 ( c) La Plata County, Colorado is the proper venue for this action because this is the County designated in the Complaint and where the contract was being performed and where the contract was executed.

### GENERAL ALLEGATIONS

4. Plaintiff incorporates by reference the preceding paragraphs as though same were here set forth in full.

5. On or about May 26, 2000, Defendant, as a shareholder of SunRay Gaming of New Mexico, LLC, dba SunRay Park and Casino, executed and delivered to Plaintiff a

dividend pledge agreement wherein Plaintiff was promised the profit distribution from 400 shares of stock Defendant purchased with $40,000 loaned to him by Plaintiff. Said pledge was to be $3,000 per month beginning September 1, 2001, *see* Exhibit A, pages 1 and 2 annexed hereto and incorporated herein by this reference.

6. During the subsequent months thereafter to the present, Defendant breached the profit pledge contract as follows:

    a. Upon information and belief that profit distributions existed and were made to the Defendant, Plaintiff avers that Defendant often failed to remit payment to Plaintiff for any profit distributions whatsoever and delayed making payments to Plaintiff even though profits were being distributed to Defendant by SunRay.

    b. Upon information and belief that profit distributions existed and were made to Defendant, Plaintiff alleges that Defendant often failed to remit payment for the full portions that should have been paid to her from the profits distributed to Defendant for the 400 shares of stock purchased with the $40,000 that was borrowed from Defendant;

    c. Throughout the term of performance of this Agreement, Defendant has failed to disclosed the income and profits generated by the stock(s) that were purchased by Defendant with the $40,000 and has failed to disclose whether the amounts paid to Plaintiff constitute all the profits generated by the stock purchased by Defendant with the $40,000.00 loan from Plaintiff;

    d. Throughout the term of performance of this Agreement, Defendant has falsely communicated to Plaintiff the amount of profits that Plaintiff is and has been entitled to receive from profit distributions resulting from the stock purchased by Defendant with Plaintiff's $40,000 loan;

    e. At various times throughout the term of performance of this Agreement, Defendant has falsely informed Plaintiff that SunRay had not distributed profit distributions from the stock purchased by Defendant with the $40,000 loan from Plaintiff.

    f. Although the parties' contract did not provide for withholding for taxes,, Defendant has wrongly withheld sums from Plaintiff for taxes from profits that he distributed to Plaintiff;

    g. Upon information and belief, Plaintiff alleges that Defendant did not provide any documentation for purported withholding for taxes from the Plaintiff to the appropriate governmental taxing entities;

    h. Upon information and belief, Plaintiff alleges that Defendant failed to release

sums to the appropriate governmental taxing entities that were allegedly withheld from Plaintiff for taxes and kept said funds for his own purposes;

    i. Upon information and belief, Plaintiff alleges the Defendant has failed to promptly pay to Plaintiff the full amount of all distributions received from Plaintiff's profit interest in the 400 shares of stock which interest was pledged to her;

    j. Upon information and belief, Plaintiff alleges the Defendant has never sold the 400 shares of stock that he purchased with the $40,000 loaned to him by Plaintiff;

    k. Defendant has, on numerous occasions, informed Plaintiff that the stock purchased by Defendant cannot be re-sold or otherwise transferred because "there is no market" for the stock and refuses to either sell the stock to third parties or otherwise transfer the stock in a cash exchange to return Plaintiff's investment.

7. Defendant has never provided to Plaintiff an accounting or disclosure of the profits received from the 400 shares of stock purchased by Defendant with the $40,000 loaned to Defendant by Plaintiff;

8. At various times throughout the course of performance of this agreement, the Defendant has informed Plaintiff, by use of interstate electronic communication of several forms, including but not limited to interstate telephone communication systems, that he has received no profit distributions from the stocks that he purchased with the $40,000 loaned by Plaintiff to him;

9. At various times throughout the course of the performance of this agreement, the Defendant has communicated with Plaintiff through the United States Mails with respect to performance of the terms of this Agreement, including but not limited to sending to Plaintiff incorrect amounts due Plaintiff under the parties' Agreement.

10. Defendant no longer communicates with Plaintiff regarding the parties' Agreement and has breached the repayment terms as agreed.

    FIRST CAUSE OF ACTION: TRANSFER OF OWNERSHIP OF STOCK TITLE

11. Plaintiff hereby incorporates by reference the preceding paragraphs as though the same were here set forth in full.

12. As Defendant has stated the loan from Plaintiff was used to purchase stock from SunRay Gaming of New Mexico LLC, and that the proceeds thereof are pledged to Plaintiff, because of the breaches of contract by Defendant, Plaintiff is entitled to possession and temporary title of the stock during the term of dividend payment to

Plaintiff which are to extend through the year 2018., or as extended by SunRay see Exhibit B annexed hereto.

13. Based upon the foregoing breach(es) of contract, the undersigned prays the Court issue an Order pursuant to C.R.C.P. Rule 70, directing the Court Clerk to transfer title of the stock purchased with the $40,000 from Plaintiff in SunRay Gaming of New Mexico LLC to Plaintiff from Defendant from date of Order until December 31, 2018, or to the date extended to by Sunray, at which time the Stock be transferred back to Defendant.

SECOND CAUSE OF ACTION: BREACH OF CONTRACT AND ACCOUNTING

14. Plaintiff hereby incorporates paragraphs one (1) through ten (10) hereinabove as though the same were set forth here in full.

15. Based upon the foregoing, Defendant has breached the contract he made with Plaintiff for payment of dividends to her.

16. Plaintiff is entitled to recovery of all dividends wrongly withheld from her from the date of wrongful withholding, together with moratory or statutory interest accrued thereon, whichever is greater, from the date of wrongful withholding, an accounting thereof, together with such other and further relief as this Honorable Court deems proper including attorneys fees and costs if allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of all sums wrongly withheld from her, together with prejudgement moratory or statutory interest, whichever is greater, from the date of wrongful withholding compounded at said rate until present, together with an Order directing the Defendant to deliver the stock to the La Plata County District Court Clerk who with an Order that Plaintiff shall own such stock until end of the year 2018, or the date extended to by Sunray, at which time the stock ownership be returned to Defendant, together with such other and further relief as this Court deems proper.

The BATY LAW FIRM P.C.

BY: _____
Michael W. Baty

## VERIFICATION

STATE OF COLORADO )
                  ) ss
COUNT OF LA PLATA )

The undersigned states she has read the foregoing and that the facts contained in the above Complaint are true and correct.

*/s/ Carol Clyne*
Carol Clyne

The undersigned states that the foregoing was signed in her presence by Carol Clyne on this 23rd day of June, 2008. Witness my hand and official seal: *Patricia A. Hamilton*

Patricia Hamilton
835 Main Ave. #222
Durango, CO 81301

My commission expires: May 16, 2010

> PATRICIA A. HAMILTON
> NOTARY PUBLIC
> STATE OF COLORADO
> My Commission Expires 05/16/2010

07/16/2008 14:38 FAX                                                                    ☒008

# EXHIBIT A

07/16/2008 14:38 FAX            ☑009

## Stock and Dividend Pledge Agreement

THIS AGREEMENT made this 8th day of March, 2000, by and between Ray Walters, having an address at 19 Arrowhead Cr. Durango, CO (hereinafter referred to as "Pledgor") and Carol Clyne whose address is      County Road 203, Durango, CO (hereinafter referred to as the "Pledgee".

WITNESSETH: WHEREAS, the pledgee is providing the pledgor the sum of Forty Thousand Dollars ($40,000) so that the pledgor may purchase 400 new shares of SunRay Gaming of New Mexico, LLC stock, the pedgor agrees and promises to the pledgee as follows:

1. Pledgor will pay promptly to pledgee the full amount of all distributions and dividends received from interest in the 400 shares.
2. Pledgor will pay to pledgee the full proceeds from any amount received for sale of these shares to any third party.
3. This AGREEMENT will inure to the benefit of all heirs of both parties.

IN WITNESS WHEREOF, the Pledgor, intending to be legally bound hereby, has executed this agreement;

_____*Copy*_____ date __/__/__
Ray Walters

*orig. signed 3-8-00*





**Nevada**
4132 S. Rainbow Blvd. #403
Las Vegas, Nevada 89103
702-221-4348
702-362-3281 (fax)

**Colorado**
10 A Town Plaza #449
Durango, Colorado 81301
970-749-5561
970-385-7972 (fax)

May 26, 2000

Bank of the San Juans
144 E. 8th St.
Durango, CO 81301

Dear Ms. Cartier;

Carol Clyne has a $40,000 investment in SunRay Gaming, LLC which is a shareholder of SunRay Gaming of New Mexico, LLC dba SunRay Park and Casino. Carol's investment is secured by a dividend pledge agreement. Under this agreement, Carol will receive profit distribution from this investment, which I estimate to be $2000 - $3000 per month beginning January 2001. The dividends should continue through at least 2018.

If you have any questions, please call me directly at 970.946.0589.

Sincerely,

Ray Walters
Managing Member



EXHIBIT
A-A-2

07/16/2008 14:38 FAX                                                                    ☒011

# EXHIBIT B

07/16/2008 14:38 FAX ☒012

May 26, 2000

To whom it may concern:

Carol Clyne has a $40,000 investment in SunRay Gaming, LLC which is a shareholder of SunRay Gaming of New Mexico, LLC dba SunRay Park and Casino. Carol's investment is secured by a dividend pledge agreement. Under this agreement, Carol will receive profit distribution from this investment, which I estimate to be $3000 per month beginning September 2001. The dividends should continue through at least 2018.

If you have any questions, please call me directly at 970.946.0589.

Sincerely,

Ray Walters
Member



EXHIBIT 13