IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01646-MSK-CBS

CAROL CLYNE,

    Plaintiff,

v.

RAY WALTERS,

    Defendant.

---

**OPINION AND ORDER DENYING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss **(# 8)**, the Plaintiff's response **(# 10)**, and the Defendant's reply **(# 11)**.

According to the Amended Complaint **(# 33)**, in or about March 2000, the parties entered into an agreement by which the Plaintiff, Ms. Clyne, would loan the Defendant, Mr. Walters, the sum of $ 40,000 to be used to purchase shares of stock in SunRay Gaming of New Mexico ("SunRay"). Mr. Walters, in turn, promised to pay the Ms. Clyne the sum of $ 3,000 per month out of dividends paid by SunRay. Ms. Clyne alleges that Mr. Walters has breached that agreement in various ways, including failing to make payments, misleading her as to the amount of dividends that had been paid by SunRay, and improperly withholding "taxes" from the payments, among other things. The Amended Complaint alleges five causes of action: (i) a claim for "transfer of stock ownership title," apparently a claim for specific performance asserted under C.R.C.P. 70, on the grounds that "because of the breaches of contract by Defendant,

Plaintiff is entitled to possession and temporary title of the stock during the term of dividend payment"; (ii) breach of contract; (iii) conversion; (iv) "constructive trust and unjust enrichment"; and (v) civil RICO pursuant to 18 U.S.C. § 1964.

Mr. Walters moves to dismiss **(# 8)** the claims against him for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). He has supplied an affidavit that explains that although he resided in Durango, Colorado at the time he entered into the agreement in 2000, he has been a resident of Oregon since 2005. He states that he does not have any property in Colorado and does not transact any business in the state. He states that he enters Colorado only twice a year, as the airport in Durango is the closest link to his business venture which operates in New Mexico.

Ms. Clyne responds **(# 10)** to Mr. Walters' motion not with contrary affidavits, but merely by reference to exhibits attached to the Amended Complaint.[1] She point out that the contract at issue recites that both parties were then residents of Durango, Colorado, and thus, the contract's negotiation and Ms. Clyne's performance – the tender of the $ 40,000 – necessarily took place in the state. In addition, the contract calls for Mr. Walters' performance – delivery of monthly payments – is to be made to Ms. Clyne in Colorado.

In reviewing a Motion to Dismiss pursuant to Rule 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction exists. *Soma Medical Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999); *Omi Holdings, Inc. v. Royal Ins. of*

---

[1] Although the Amended Complaint cites to documents allegedly attached as exhibits, the version of the Amended Complaint on the Court's electronic filing system does not include any exhibits. Nevertheless, it is apparent to the Court that the exhibits at issue are the same documents attached as exhibits to the initial Complaint in the electronic filing system, and the Court will deem those exhibits attached to the Amended Complaint as well.

*Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).  Where a court chooses not to conduct an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisction by showing, through affidavits or otherwise, facts that, if true, would support jurisdiction over the defendant. *Omi Holdings*, 149 F.3d at 1091 *Soma*, 196 F.3d at 1295.  The allegations of a complaint must be taken as true unless contradicted by the defendant's affidavits, *Behagen v. Amateur Basketball Ass'n. of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984), and to the extent that the affidavits contradict allegations in the complaint or opposing affidavits, all disputes must be resolved in the plaintiff's favor and the plaintiff's *prima facie* showing is sufficient. *Id.*

The Court first disposes of two technical arguments raised by Mr. Walters.  First, he appears to contend that the Amended Complaint <u>itself</u> fails to contain adequate allegations of fact to support the exercise of personal jurisdiction.  He appears to argue that "only well-pled facts in a complaint" may be considered in "determining the propriety of exercising personal jurisdiction."  *Citing Wenz v. Memery Crystal, Inc.,* 55 F.3d 1503, 1509 (10th Cir. 1995).  However, as *Wenz* itself notes, the jurisdictional question may be resolved by an evidentiary hearing, or by "affidavits and other written material" that the parties may submit, not just by the allegations appearing on the face of the complaint.  Mr. Walters cites no persuasive authority for the proposition that the Court must confine its review of the jurisdictional question to the face of the complaint, and indeed, binding caselaw from this Circuit, such as *Wenz*, suggest just the opposite.

Second, Mr. Walters argues that the Court should disregard Ms. Clyne's response to the motion as untimely.  He is correct that Ms. Clyne's response was filed 21 days after his initial motion, in violation of D.C. Colo. L. Civ. R. 7.1(C).  He is also correct that the Court may, in its

3

discretion, refuse to consider an untimely response.  *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).  However, the Court will instead exercise its discretion to consider Ms. Clyne's response, notwithstanding its untimeliness.  Mr. Walters has not articulated any prejudice that resulted from Ms. Clyne's one-day delay in filing her response, and the Court disfavors resolving motions such as these on technical defects, rather than on their substantive merits.  *See generally Hutchinson v. Pfeil*, 211 F.3d 515, 517 n. 1 (10th Cir. 2000) (exercise of discretion to consider late-filed brief is "especially appropriate" where no prejudice is suggested).  Accordingly, the Court will exercise its discretion to consider Ms. Clyne's response.

With that in mind, the Court turns to the substantive issues presented.  Colorado's long-arm statute provides that a non-resident party subjects itself to the jurisdiction of Colorado courts for claims arising from the party's "(a) transaction of any business within this state; [or] (b) the commission of a tortious act within this state."  C.R.S.A. § 13-1-124(1)(a) and (b).  The statute codifies the "minimum contacts" test of *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and extends the courts' jurisdiction to the maximum extent consistent with the Due Process clause of the 14th Amendment.  *Brownlow v. Aman*, 740 F.2d 1476, 1481 (10th Cir. 1984).  Thus, the Court's analysis is limited to the question of whether the exercise of jurisdiction is consistent with the principles of due process.  *OpenLCR.com, Inc. v. Rates Technology, Inc.*, 112 F.Supp.2d 1223, 1227 (D. Colo. 2000); *Wise v. Lindamood*, 89 F.Supp.2d 1187, 1189 (D. Colo. 1999).

For purposes of personal jurisdiction, due process is satisfied when the defendant has sufficient "minimum contacts" with the forum state to suffice such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."  *Int'l. Shoe*, 326

4

U.S. at 316.  The "minimum contacts" test examines whether the defendant has purposefully directed its activities at residents of the forum state, whether the claims asserted arise out of that purposeful direction of activity, and whether the assertion of jurisdiction under the circumstances is reasonable and fair. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Teierweiler v. Croxton and Trench Holding Co.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996).

Merely entering into a contract with a Colorado resident, without more, does not amount to purposeful activity in the state.  *Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis in original); *National Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F.Supp.2d 1250, 1254 (D. Colo. 2000), *aff'd*, 16 Fed.Appx. 959 (10th Cir. 2001) (unpublished) ("[t]he law is clear that a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum"), *citing Ruggieri v. General Well Serv., Inc.,* 535 F.Supp. 525, 535 (D. Colo. 1982); *Encore Productions, Inc. v. Promise Keepers*, 53 F.Supp.2d 1101, 1117 (D. Colo. 1999).  Indeed, representatives of a defendant can even enter into Colorado to discuss details of the agreement, *id., citing Associated Inns & Restaurant Co. v. Development Assocs.,* 516 F.Supp. 1023, 1026 (D. Colo. 1981); *Encore Productions*, 53 F.Supp.2d at 1117-18, or make telephone calls and direct correspondence into the state without necessarily subjecting themselves to personal jurisdiction. *Far W. Capital, Inc. v. Towne,* 46 F.3d 1071, 1077 (10th Cir. 1995); *Encore Productions*, 53 F.Supp.2d at 1117; *F.D.I.C. v. First Interstate Bank of Denver*, 937 F.Supp. 1461, 1468 (D. Colo. 1996).

It is apparently undisputed that Mr. Walters was a resident of Colorado at the time he entered into the contract at issue here, and the contract called for both parties to perform their obligations in Colorado (in Mr. Walters' case, by sending monthly payments to Ms. Clyne at her address in Colorado). One can hardly say that, at that point in time, Mr. Walters had "random, fortuitous, or attenuated" contacts with the State of Colorado. *Burger King*, 471 U.S. at 480. Unlike cases such as *National Business Brokers* or *Ruggieri*, this is not a circumstance in which Mr. Walters' only connection with Colorado was that he entered into a contract with a Colorado resident from some remote location. By being a resident of Colorado, entering into a contract with a fellow Colorado resident, with performance of that contract to take place entirely in Colorado, Mr. Walters certainly availed himself of the benefits and protections of Colorado law, and enjoyed those benefits and protections for the first five years of the parties' agreement. The fact that Mr. Walters subsequently moved to Oregon does not suffice to sever his existing ties to Colorado, as embodied by the parties' continuing contract. Because the claims at issue in this case arise from a contract that Mr. Walters negotiated, entered into, and performed in Colorado, the Court finds that Ms. Clyne has made an adequate *prima facie* showing that the Court has personal jurisdiction over Mr. Walters.

Accordingly, Mr. Walters' Motion to Dismiss **(# 8)** is **DENIED**.

Dated this 27th day of January, 2009

          **BY THE COURT:**

          _____

          Marcia S. Krieger
          United States District Judge