IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01646-MSK

CAROL CLYNE,
an individual,

    Plaintiff,

v.

RAY WALTERS,
an individual,

    Defendant.

---

# STIPULATED PROTECTIVE ORDER

---

Upon the stipulation of the parties for entry of a Protective Order and Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following order:

    1.    <u>Scope of Order</u>.  This protective order ("Protective Order") shall govern the use of all documents, materials, testimony, and information produced during discovery in connection with the above-captioned action (the "Action"), whether furnished by a party or by a non-party, which have been designated, in good faith, by a party or by a non-party in accordance with this Protective Order as comprising or containing its or another's confidential or trade secret information.  Such documents, materials, testimony and information may include, without limitation, pleadings, deposition testimony, answers to interrogatories, documents and things produced, information obtained from inspection of premises, and exhibits for trial.

    2.    <u>Definitions</u>. The following definitions shall apply to this Protective Order:

        (a)    "AUTHORIZED PERSON" means a person described in paragraph 6 of

this Protective Order who is authorized to receive documents, materials, testimony, and information designated as CONFIDENTIAL INFORMATION.

   (b) 'CONFIDENTIAL INFORMATION" means the documents, materials, testimony, and information described in subparagraph 3 of this Protective Order and designated in accordance with the terms and conditions of this Protective Order.

  3. <u>Confidential Information</u>.  A party or non-party may designate as CONFIDENTIAL INFORMATION documents, materials, testimony, and information produced during discovery that the party or non-party in good faith believes contains or constitutes its or another's trade secrets or confidential research, development, financial or commercial information (including but not limited to membership list(s); partnership agreement(s); shareholder agreement(s); partnership profit disbursement agreement(s); operating agreement(s); minutes of meetings of non-party(s); and tax returns and K-1 copies and/or copies of any other partnership disbursements to members and/or operators) and that it in good faith believes should be disclosed only to those persons authorized to have access to such documents, materials, testimony, and information under subparagraph 6 of this Protective Order.

  4. <u>Manner of Designation</u>.  Any designation made in accordance with this Protective Order also shall apply to all documents that reproduce, paraphrase, summarize or otherwise contain information from the documents, materials, testimony, and information so designated. Documents, materials, testimony, and information shall be designated as follows:

   (a) <u>Hard Copy and/or Imaged Documents</u>.  The producing party or non-party shall stamp or label

    (i) each page or appropriate portion of the document produced; and

    (ii) the front page of any group of documents produced with the term

CONFIDENTIAL. In lieu of marking original documents, the producing party or non-party may mark only the actual copies that are produced or exchanged.

(b) <u>Electronic Documents Produced in Native Form</u>. To avoid altering documents produced in native form, the producing party or non-party shall stamp or label

(i) the file name that graphically represents each produced document, which file name is viewable when navigating the electronic media containing the produced document;

(ii) the folder name (if any) that graphically represents each produced document or group of documents, which folder name is viewable when navigating the electronic media containing the produced document; and/or

(iii) the front of any CD, DVD, or other electronic media containing any group of produced documents with the term CONFIDENTIAL. In lieu of marking original documents, the producing party or non-party may mark only the actual copies that are produced or exchanged.

(c) <u>Deposition Testimony</u>. Deposition testimony taken in the Action shall be treated as CONFIDENTIAL INFORMATION for a period of 20 days after delivery of the transcript of the deposition from the court reporter. Thereafter, only such deposition testimony as was affirmatively designated on the record at the deposition or subsequently is designated in writing by a party or non-party as containing CONFIDENTIAL INFORMATION shall be treated as such. The party or non-party subsequently designating deposition testimony as containing CONFIDENTIAL INFORMATION shall provide written notice to all other parties and applicable non-parties and to the court reporter of such designation by listing the page and line numbers of the transcript containing the testimony so designated. A deposition transcript

containing information so designated shall not be filed with the Court unless those parts designated as containing CONFIDENTIAL INFORMATION have first been placed in a sealed envelope bearing the designation hereinafter provided for in paragraph 7.

(d)     <u>Non-written materials</u>.  For materials produced in a non-written form, the party or non-party making the designation shall notify all parties and applicable non-parties in writing of the designation being made and describe in detail the specific materials that are being designated.  In the case of non-written media, such as videotapes or computer diskettes, the producing party or non-party shall stamp or label the media produced with the term CONFIDENTIAL.

5.     <u>Restrictions on Use and Disclosure</u>.

(a)     <u>General Restrictions for the Use of All Confidential Information</u>.  Except as agreed to in writing by the designating party or non-party, as the case may be, or except as otherwise provided by this Protective Order or order by the Court, and document, material, testimony or information designated as CONFIDENTIAL INFORMATION:

(i)     may be received only the AUTHORIZED PERSONS qualified under paragraph 6 of this Protective Order to receive it;

(ii)     shall be maintained in confidence by such AUTHORIZED PERSONS;

(iii)     shall be disclosed by such AUTHORIZED PERSONS only to other AUTHORIZED PERSONS entitled to receive it under the terms of this Protective Order and shall not be disclosed or made available by such AUTHORIZED PERONS to anyone who is not authorized to receive such documents, materials, testimony, or information under the terms of this Protective Order; and

(iv) shall be used by such AUTHORIZED PERSONS *only* for the purpose of this Action *and for no other purpose whatsoever.*

(b) <u>Deposition Transcripts</u>. No copy of any transcript of any deposition taken by any party which is designated in part or in whole as CONFIDENTIAL INFORMATION shall be furnished by the court reporter to any person other than to outside counsel for the parties or the deponent or to the Court upon the Court's request.

(c) <u>Copies</u>. There shall be no reproduction whatsoever of any documents, materials, testimony, or information designated as CONFIDENTIAL INFORMATION, except as necessary in connection with this Action. Copies, excerpts, or summaries of CONFIDENTIAL INFORMATION may be shown or given only to those authorized to have access to such materials pursuant to this Protective Order, and this Protective Order shall apply to any such copies, excerpts, or summaries.

(d) <u>Limitations on Restrictions</u>.

(i) The restrictions and obligations set forth in this Protective Order shall not apply to documents, materials, testimony, or information to which the designating party agrees, or which the Court rules:

(A) are already in the public domain; or

(B) become part of the public domain other than as a result of disclosure, directly or indirectly, by a receiving party; or

(C) have come or shall come into the receiving party's legitimate possession from some source other than a party to this Action.

(ii) Nothing in the Protective Order shall restrict a party or its counsel from using or disclosing documents, materials, testimony, or information which they already

possess or may acquire by proper means in the future independent of the formal discovery process in this Action. This Protective Order shall not prohibit a party's counsel from contacting any person merely because that person's identity is disclosed in documents, materials, testimony, or information that has been designated pursuant to the terms of this Protective Order. The restrictions and obligations set forth herein shall not be deemed to prohibit discussions with any person of any information if the person already has or obtains legitimate possession thereof.

     (iii) No person may refuse to answer any question at a deposition on the sole ground that the question requires the person to disclose CONFIDENTIAL INFORMATION. If a question or an answer at a deposition will disclose CONFIDENTIAL INFORMATION, the deposition shall proceed upon the following basis: prior to interposing the question or answering the question, all persons present shall be advised of the terms and conditions of this Protective Order and, at the request of the designating party or non-party, all persons not authorized to receive CONFIDENTIAL INFORMATION under this Protective Order shall leave the room during the time in which the CONFIDENTIAL INFORMATION is disclosed or discussed.

6. <u>Authorized Persons</u>. Access to CONFIDENTIAL INFORMATION shall be restricted to:

  (a) the parties;

  (b) inside lawyers for the parties;

  (c) outside lawyers who are members of or employed by a law firm engaged to represent a party in this Action, together with employees of such law firms whose responsibilities require access to the documents, materials, testimony, or information so designated and outside vendors (*e.g.*, reproduction services, scanning services, and data

management services) retained by such counsel and who are assisting counsel in connection with the Action;

    (d)  the Court and any person employed by it working on this Action;

    (e)  court reporters (including stenographers and video technicians) taking a deposition in which CONFIDENTIAL INFORMATION will be discussed;

    (f)  deponents, who shall have access to the confidential information only during preparation for and participation in the deposition;

    (g)  trial witnesses, who shall have access to the confidential information only during preparation for and participation in the trial in this Action;

    (h)  outside consultants or experts and their staff retained for any purpose in this Action; provided, however, that prior to disclosure to any outside expert or consultant or any of their staff, each such person who shall receive access to the CONFIDENTIAL INFORMATION executes a Certification in the form attached as Exhibit A hereto;

    (i)  any mediator or third party jointly retained for purposes of attempting to settle the parties' dispute; provided, however, that prior to disclosure to any outside expert or consultant or any of their staff, each such person who will receive access to the CONFIDENTIAL INFORMATION executes a Certification in the form attached as Exhibit A hereto; and

    (j)  persons designated by the Court in the interest of justice, upon such terms as the Court may deem proper and upon appropriate notice to the parties in this action and, if necessary, notice to the person or entity providing confidential information and after issuance of an order from the Court.

    7.  <u>Requirements to File Under Seal; Filing with the Court</u>.  If a party wishes to file

with the Court a pleading, motion, memorandum, brief, deposition transcript, discovery request or response, exhibit or other document that produces, paraphrases, summarizes, or otherwise contains any CONFIDENTIAL INFORMATION, the party filing the materials shall comply with the requirements of D.C.Colo.LCivR 5.6 Electronic Case Filing as well as any other requirements outlined in the "Electronic Case Filing Procedures for the District of Colorado (Civil Cases)" for filing materials under seal.

8. <u>Masked Documents</u>. Copies of documents may be provided in masked form if the masking serves to redact: (a) information protected by the attorney-client privilege; (b) information protected by the work-product doctrine; (c) information not called for by the discovery requests served on the responding party or non-party, and/or; (d) information the production of which has been objected to by the responding party or non-party. If documents are provided in masked form by a party or non-party, that party or non-party shall also provide the receiving party a log generally identifying the information masked and stating the purpose for the masking. The receiving party may take issue with the masking of the identified information by filing an appropriate motion with the Court. In connection with any such application for relief, the party that produced the masked document shall bear the initial burden of establishing that the masking and resulting non-disclosure is appropriate under applicable law.

9. <u>Attorney-Client Privilege and Work Product</u>. Nothing in this Protective Order shall require disclosure of materials a party or non-party contends are protected from disclosure by the attorney-client privilege or the work-product doctrine. This paragraph shall not, however, be construed to preclude any party from moving the Court for an order directing the disclosure of such materials.

10. <u>Compliance with Third Party Judicial Process</u>. In the event that any party or any

other individual described in Paragraph 6 above is served with a subpoena or other judicial process demanding the production or disclosure of any CONFIDENTIAL INFORMATION, such party or individual shall, unless otherwise prohibited by law, (a) provide all parties or non-parties with a copy of such subpoena or other judicial process within 15 business days following receipt thereof and (b) cooperate with the parties or non-parties in any effort to protect any CONFIDENTIAL INFORMATION materials from production or disclosure.

11. <u>No Admission Implied</u>.  The authorization contained herein for the parties to designate any documents, materials, testimony, or information produced in connection with this Action as CONFIDENTIAL INFORMATION is intended solely to facilitate discovery and preparation for trial of this Action, and such designation shall not be construed in any way as an admission or agreement by the other parties that such information constitutes or contains trade secrets or other confidential research, development, technical, financial, or commercial information under applicable law.

12. <u>Error in Designation or Production</u>.  The production of documents, materials, testimony, or information containing, or other disclosure of, trade secrets or other confidential research, development, technical, financial or commercial information without a designation as CONFIDENTIAL INFORMATION at the time of production or disclosure shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  The production of documents or other information containing privileged information or attorney work product shall not be deemed a waiver in whole or in part of any party's or non-party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or

related subject matter.

13. <u>Right to Designate or Redesignate at Any Time</u>.  If information is produced in discovery that is subject to a claim of privilege, protection as trial-preparation material, or confidentiality, the party making the claim shall notify any party that received the information of the claim and the basis for it within 15 business days of its discovery, and, within 15 business days of receipt of such notice, the notified party or parties (regardless of any disagreement regarding the proper designation of the document) shall (i) in the case of a privileged document, return the inadvertently disclosed document forthwith, as well as any and all copies; or (ii) in the case of a confidential, proprietary document, mark it and all copies, CONFIDENTIAL INFORMATION as designated.  When information not initially designated as CONFIDENTIAL INFORMATION is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later-designated information and otherwise ensure that persons to whom the information has been disclosed will treat it as CONFIDENTIAL INFORMATION.  However, no sanctions shall be imposed upon a party for any disclosure of the later-designated information made prior to the party's receiving written notification of the later designation of the information as such.  In the event that the other party cannot comply with these requirements - because, for example, the inadvertently produced document has been given to a third party - the other party will provide the designating party or non-party with the name, address, and telephone number of such person(s) as well as the date of and reason for the transmission of the document.

14. <u>Right to Challenge Designations</u>.  Any party may contest the designation of any information as privileged or as CONFIDENTIAL INFORMATION.  A failure to challenge a claim of privilege or confidentiality shall not constitute agreement that such claim is valid and

shall not prejudice any party or person. If any party disagrees with any designation of any information as privileged or as CONFIDENTIAL INFORMATION, it shall notify counsel for the designating party or non-party, and they shall attempt to resolve the dispute. If the dispute is not resolved, the party contesting the designation shall place the dispute before the Court, and the information shall continue to be kept as privileged or as CONFIDENTIAL INFORMATION unless and until the Court rules otherwise. In connection with such application for relief, the party asserting privilege or confidentiality shall bear the initial burden of establishing that the asserted designation is appropriate under applicable law.

15. <u>Right to Seek Additional Relief</u>. Nothing herein shall prevent a party or non-party from petitioning the Court for additional relief for protection of confidential materials, should such additional relief be deemed necessary in such party's or non-party's sole discretion.

16. <u>Other Judicial Proceeding</u>. By entering this Protective Order and limiting the disclosure of information in this case, this Court does not intend to preclude another court form finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order that may be subject to a motion to disclose another party's or non-party's information designated as CONFIDENTIAL INFORMATION pursuant to this Order, shall unless otherwise prohibited by law promptly notify that party or non-party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

17. <u>Conclusion of Action</u>. Within 60 days after the conclusion of this Action by settlement, judgment on appeal, or issuance of a mandate by an appellate court, counsel of record for each party shall return to the applicable producing party or non-party, or certify to them in writing that it has destroyed all CONFIDENTIAL INFORMATION received on behalf

of such party or non-party during the course of this Action, including all copies of discovery and all excerpts or summaries thereof or any other materials derived therefrom or referring thereto, except that a single copy of all pleadings containing such information, deposition transcripts and accompanying exhibits, and any documents properly classified as work product may be retained.

18. <u>Retention of Jurisdiction</u>. This Protective Order shall survive the final termination of this Action. The Court shall retain jurisdiction to resolve any dispute concerning the dissemination or use of information disclosed hereunder.

19. <u>Sanctions</u>. Violations of this Protective Order shall be subject to the contempt powers of the Court and such other sanctions as the Court may deem appropriate.

20. <u>Modification</u>. The terms of this Protective Order are subject to modification, extension, or limitation if agreed to by all of the parties in writing, or if ordered by the Court. Nothing contained in this Protective Order shall prevent a party at any time from seeking to modify or obtain relief from particular terms or conditions of this Protective Order by application to the Court on notice to the other parties hereto for good cause.

DATED at Denver, Colorado, this 28th day of January, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

Respectfully submitted this 26th day of January, 2009.

| MARTIN, LUBITZ & HYMAN, LLC | THE BATY LAW FIRM, P.C. |
|---|---|
| *s/ John D. Martin* | *s/ Michael W. Baty* |
| John D. Martin, #28736 | Michael W. Baty, #14804 |
| 370 17th St., Suite 4400 | 835 Main Street, Suite 222 |
| Denver, Colorado 80202 | Durango, Colorado 81301 |
| Telephone: (303) 382-1200 | Telephone: (303) 247-1117 |
| Facsimile: (303) 382-1202 | Facsimile: (303) 247-1169 |
| Email: jmartin@mlh-law.com | Email: mbaty@gmail.com |
| ATTORNEY FOR DEFENDANT RAY WALTERS | ATTORNEY FOR PLAINTIFF CAROL CLYNE |

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 08-CV-01646-MSK

CAROL CLYNE, an individual,

    Plaintiff,

v.

RAY WALTERS, an individual,

    Defendant.

---

**DECLARATION AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

---

    I, _____, acknowledge and declare as follows:

    1.    My address is:

_____

    2.    I have received a copy of the Stipulated Protective Order in this Action; I have carefully read and understand the provisions of the Stipulated Protective Order; and I agree to comply with, and to be bound by, its terms.

    3.    I will hold in confidence, not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this Action, materials marked or designated as CONFIDENTIAL INFORMATION that are disclosed to me.

    4.    I immediately will return all materials marked or designated as CONFIDENTIAL INFORMATION that may come into my possession, and documents or things which I may prepare relating thereto to counsel for the party producing such materials upon receipt of a request to do so

at the conclusion of the Action.

5. I hereby irrevocably consent to the jurisdiction of the United States District Court for the District of Colorado for the purpose of any proceeding to enforce or secure compliance with the terms of this Stipulated Protective Order, or to punish the breach of any of the terms of this Stipulated Protective Order. I understand that I may be found in contempt of court if I violate any term of the Stipulated Protective Order of this Agreement.

6. I understand and agree that my obligations under this Agreement and the Stipulated Protective Order will survive and continue beyond the termination of the Action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____
                                       Signature

                                       _____
                                       Printed Name