IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01646-MSK-CBS

CAROL CLYNE,

       Plaintiff,

v.

RAY WALTERS,

       Defendant.

_____

**OPINION AND ORDER DENYING MOTION TO DISMISS AND
MOTION FOR SUMMARY JUDGMENT**

_____

**THIS MATTER** comes before the Court pursuant to the Defendant's Motion to Dismiss

Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(5)[1] (**# 49**), the Plaintiff's

response (**# 61**), and the Defendant's reply (**# 73**); and the Defendant's Motion for Summary

Judgment (**# 82**), the Plaintiff's response (**# 89**), and the Defendants' reply (**# 92**).

## FACTS

For purposes of addressing the Motion to Dismiss, the Court recites the facts as pled in

the Amended Complaint (**# 33**); the Court will elaborate on the facts germane to the summary

judgment motion as part of the analysis of that motion.

In or about March 2000, the parties entered into an agreement by which the Plaintiff, Ms.

Clyne, would loan the Defendant, Mr. Walters, the sum of $ 40,000, which Mr. Walters would

_____

[1]Although the Defendant repeatedly describes his motion as arising under Rule 12(b)(5),
it is clear from the context and discussion that he actually invokes Rule 12(b)(6).

use to purchase shares of stock in SunRay Gaming of New Mexico ("SunRay").  Mr. Walters, in turn, promised to pay the Ms. Clyne the sum of $ 3,000 per month out of dividends paid to him by SunRay.  Ms. Clyne alleges that Mr. Walters has breached that agreement in various ways, including failing to make payments, misleading her as to the amount of dividends that had been paid by SunRay, and improperly withholding "taxes" from the payments, among other things.

The Amended Complaint alleges five causes of action: (i) a claim for "transfer of stock ownership title," apparently a claim for specific performance asserted under C.R.C.P. 70, on the grounds that "because of the breaches of contract by Defendant, Plaintiff is entitled to possession and temporary title of the stock during the term of dividend payment"; (ii) breach of contract; (iii) conversion; (iv) "constructive trust and unjust enrichment"; and (v) civil RICO pursuant to 18 U.S.C. § 1964.

Mr. Walters moves to dismiss **(# 49)** the second, third, and fourth claims against him, arguing: (i) Ms. Clyne's conversion claim is barred by the "economic loss rule," which typically prohibits a party suffering economic damages from a contractual breach from asserting tort claims arising out of the same conduct; (ii) the unjust enrichment claim is logically inconsistent with Ms. Clyne's claim for breach of contract; (iii) Ms. Clyne fails to plead facts demonstrating a fiduciary relationship between the parties sufficient to support a claim for imposition of a constructive trust; and (iv) Ms. Clyne's RICO claim fails to plead predicate acts of racketeering (much less plead them with the specificity required by Fed. R. Civ. P. 9(b)), fails to adequately allege the existence of a RICO enterprise, and fails to sufficiently allege a pattern of racketeering activity.

Following discovery, Mr. Walters failed a motion for summary judgment **(# 82)**, arguing:

(i) with respect to the breach of contract claim, the claim is untimely and Ms. Clyne cannot show that the alleged contract was secured by consideration; (ii) with respect to the conversion claim, the "economic loss rule" precludes any recovery by Ms. Clyne and the claim is, in any event, untimely; (iii) with respect to the claim for constructive trust, Ms. Clyne cannot show the existence of a confidential relationship between the parties and the claim is untimely; (iv) with respect to the claim for unjust enrichment, the claim is logically incompatible with the claim for breach of contract, and further, the claim is untimely; and (v) Ms. Clyne cannot establish any of the elements of a RICO claim and, in addition, the claim is untimely.

In response (**# 89**) to the summary judgment motion, Ms. Clyne defends the breach of contract and "constructive trust" claims, but agrees to "release the other claims of her lawsuit with prejudice." Thus, the Court understands Ms. Clyne to dismiss the conversion and civil RICO claims, and the Court will proceed to consider only the breach of contract and unjust enrichment/constructive trust claims in this Order.

## ANALYSIS

### A. Motion to Dismiss

#### 1. Standard of review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must limit its review to the four corners of the Complaint, but may also consider documents attached to the Complaint as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Dean Witter Reynolds, Inc. v. Howsam*, 261 F.3d 956, 961 (10th Cir. 2001).

Two recent decisions from the Supreme Court have clarified the analysis that the Court undertakes when reviewing a pleading under Rule 12(b)(6) standards. First, although "detailed factual allegations" are not required, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must have sufficient factual assertions "to raise a right to relief above the speculative level." *Id.* Second, because a court is "not bound to accept as true a legal conclusion couched as a factual allegation," a court must first identify and disregard averments that "are no more than conclusions [which] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A court then examines the remaining, well-pled factual allegations, assuming their veracity, and determine whether the plausibly give rise to an entitlement to relief. *Id.*

## 2. Unjust enrichment claim/constructive trust claim

Mr. Walters moves to dismiss Ms. Clyne's "constructive trust" claim, arguing that she has failed to adequately allege that the parties shared a special relationship – an element Mr.

Walters contends is necessary for imposition of a constructive trust.

Under Colorado law, a constructive trust is an equitable **remedy** that may be imposed on a party who has been unjustly enriched by another. *Meadow Homes Development Corp. v. Bowens*, 211 P.3d 743, 748 (Colo. App. 2009); *Lawry v. Palm*, 192 P.3d 550, 562 (Colo. App. 2008). Contrary to Mr. Walters' argument that a constructive trust can be imposed only where a special relationship exists between the parties, the **remedy** is appropriate anytime the Court finds that equitable relief is necessary to prevent unjust enrichment. *Lawry*, *id.* ("a confidential relationship is not a requirement for imposing a constructive trust").

Because a constructive trust is a remedy, not a claim, the Court does not construe Ms. Clyne's Amended Complaint to raise an independent "claim" for imposition of a constructive trust. Rather, the Court understands Ms. Clyne to simply give notice that, if the Court finds in her favor, such as her unjust enrichment claim, that she is requesting that the Court grant equitable relief in the form of imposing a constructive trust on the dividends received by Mr. Walters. Because the Court does not recognize Ms. Clyne as asserting a "claim" for a constructive trust, there is nothing to dismiss with regard to this issue.

Because Ms. Clyne expressly states her intention to continue to seek a remedy of constructive trust, the Court assumes she also intends to continue to pursue the substantive claim – unjust enrichment – that would give rise to that remedy. Mr. Walters argues that Ms. Clyne's unjust enrichment claim is logically inconsistent with her breach of contract claim. He is technically correct that a breach of contract claim may lie only where an actual contract exists between the parties, and an unjust enrichment claim is available only where there is no contractual agreement governing the parties' affairs. But this argument is misplaced, insofar as

the Court understands Ms. Clyne to be pleading the unjust enrichment claim in the alternative to

the breach of contract claim, as permitted by Fed. R. Civ. P. 8(d)(2).  In other words, if Ms.

Clyne can successfully demonstrate the existence of a contract between the parties, the unjust

enrichment claim would drop away; if the breach of contract claim fails, the unjust enrichment

claim would nevertheless entitle her to recovery.  Because a party is permitted to plead logically

inconsistent claims as alternatives, there is no defect in the unjust enrichment claim requiring

dismissal at this time.  At the time of trial, the Plaintiff may have to elect as to the theory on

which she intends to proceed, but such election is not required at this time.

Accordingly, as to the claims that remain in this case – namely, breach of contract and

unjust enrichment – Mr. Walters' motion to dismiss is denied.

**B.  Summary judgment**

1.  Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if

no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

Summary adjudication is authorized when there is no genuine dispute as to any material fact and

a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs

what facts are material and what issues must be determined.  It also specifies the elements that

must be proved for a given claim or defense, sets the standard of proof and identifies the party

with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986);

*Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual

dispute is "genuine" and summary judgment is precluded if the evidence presented in support of

and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

6

for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment

motion, a court views all evidence in the light most favorable to the non-moving party, thereby

favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir.

2002).

      If the movant has the burden of proof on a claim or defense, the movant must establish

every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P.

56(e).  Once the moving party has met its burden, to avoid summary judgment the responding

party must present sufficient, competent, contradictory evidence to establish a genuine factual

dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry

v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a

material fact, a trial is required.  If there is no genuine dispute as to any material fact, no trial is

required.  The court then applies the law to the undisputed facts and  enters judgment.

      If the moving party does not have the burden of proof at trial, it may point to an absence

of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.

If the respondent comes forward with sufficient competent evidence to establish a *prima facie*

claim or defense, a trial is required.  If the respondent fails to produce sufficient competent

evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

                2.  <u>Breach of contract claim</u>

      Mr. Walters raises two arguments with regard to the breach of contract claim: (i) that Ms.

Clyne cannot show that the contract was supported by consideration; and (ii) that the claim is

barred by the statute of limitations.  Ms. Clyne bears the burden of proof at trial on the former

issue, while Mr. Walters bears the burden of proof on the latter.

Mr. Walters' argument that there was a lack of consideration is not well-formed, and he cites no supporting legal authority.  He contends that although Ms. Clyne only supplied the initial $40,000, she claims entitlement to the stock dividends in perpetuity.  The Court understands this argument to be a contention that the amount of consideration supplied by Ms. Clyne is disproportionate to the benefits she claims.  In addition, Mr. Walters appears to argue that Ms. Clyne's theory – that she supplied the funds for the stock purchase and is entitled to all of the proceeds, with Mr. Walters holding the stock only as a strawman – results in a transaction that confers no benefit on Mr. Walters.

With regard to the former argument, it is black-letter law that proportionality between the consideration given for an agreement and the benefit received is not required.  When considering the existence of consideration, the Court examines only where the agreement includes a benefit to the promisor or a detriment to the promisee, however slight the value of that consideration may be.  *Farmer v. Farmer*, 720 P.2d 174, 177 (Colo. App. 1986).  Here, it is undisputed that Ms. Clyne delivered $ 40,000 to Mr. Walters, in exchange for a promise by him to pay money in the future.  In doing so, Ms. Clyne surrendered the right to immediate use and enjoyment of the $40,000, and thus, clearly incurred a detriment as the consideration for receiving Mr. Walters' promise.  Accordingly, Mr. Walters' argument that the agreement lacked consideration is without merit.

Mr. Walters' second argument – that he received no benefit from the agreement – is also without merit.  It is undisputed that, thanks to Ms. Clyne's $ 40,000, Mr. Walters was able to

purchase additional shares in SunRay.[2]  Although he pledged the dividends from those shares to Ms. Clyne, the right to receive dividends is simply one straw in the bundle of rights enjoyed by a stockholder.  Mr. Walters continues to enjoy the other benefits that flow from his ownership of those shares, such as any voting privileges secured by the new shares.  Indeed, Ms. Clyne testified in her deposition – and for purposes of this motion, the Court accepts that testimony as true – that Mr. Walters told her that by virtue of the $40,000 she supplied, he would be able to "have more power in the company via a higher percentage [of ownership, and earn a] better rate on his shares."  Thus, there is ample evidence in the record to demonstrate at least a genuine issue of fact as to whether Mr. Walters received a benefit by virtue of Ms. Clyne's tender of $ 40,000.  Accordingly, Mr. Walters is not entitled to summary judgment in his favor based on lack of consideration.

Mr. Walters also argues that Ms. Clyne's breach of contract claim is untimely.  He contends that, under the terms of the parties' alleged agreement, payments to Ms. Clyne were to begin in January 2001.  In actuality, Mr. Walters did not make any payments to Ms. Clyne under January 2002, and that between 2002 and 2004, Mr. Walters' payments never reached the full

---

[2]Mr. Walters appears to argue in his summary judgment motion that he borrowed the $40,000 to satisfy a capital call made by SunRay on its owners, and that he received no additional stock in the company as a result of that transaction.  The Court notes that this portion of Mr. Walters' summary judgment brief is not supported by citation to evidence, and thus, the Court disregards it.  *BancOklahoma Mort. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1097 (10th Cir. 1999); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). In any event, even if Mr. Walters is correct that he did not receive any additional shares in SunRay for his $40,000 investment, his ability to meet the capital call allowed him to retain his then-existing share of the company without dilution.  Whether this is characterized as obtaining new shares or simply preserving the value of his existing shares against a threatened dilution is irrelevant for purposes of this motion, as either characterization reflects a benefit conferred upon Mr. Walters by Ms. Clyne sufficient to constitute consideration.

9

$3,000 per month called for by the agreement, and Ms. Clyne increasingly began to believe that Mr. Walters was not being truthful with her regarding the dividends he was receiving.  Further, Mr. Walters points out that Ms. Clyne has known the other owners of SunRay, and in "the early 2000s," Ms. Clyne communicated with one of those owners who informed her that the company was performing well.  Thus, suggests Mr. Walters, reasonably diligent investigation on the part of Ms. Clyne as early as January 2001 would have revealed to her that Mr. Walters was not making full payment of the dividends he was receiving.  Mr. Walters argues that, thereafter, Ms. Clyne waited approximately seven years before commencing this suit in August 2008.

Ms. Clyne responds by pointing to her own affidavit, which states that Mr. Walters was her "only source of information regarding SunRay's finances," and that she "did not possess financial access" to any of the other owners of SunRay.  She further states that "during the entire time period from 2002 to 2008,"[3] Mr. Walters "made repeated excuses for non-payment or low payments, citing business expenses, low revenues, etc.

Colorado law provides for two possible statutes of limitations in contract actions. Ordinary actions for breach of contract must be brought within three years of the date of accrual, C.R.S. § 13-80-101(1)(a), however actions to recover sums certain (that is, either a liquidated debt or an unliquidated but determinable debt) on a written instrument are subject to a six-year statute of limitations.  C.R.S. § 13-80-103.5(1)(a).  Determining when either statute begins to run requires the Court to consider the date on which Ms. Clyne's claim accrued.

---

[3]There is some evidence in the record that indicates that Mr. Walters justified non-payment in 2001 on these same grounds as well.  *See Docket* # 82, Ex. 1 at 180 (Ms. Clyne testifying that she discussed the January 2001 non-payment with Mr. Walters, and he stated that "it isn't making the money that they thought at first").

C.R.S. § 13-80-108(4) provides that a claim "for debt, obligation, money owed, or performance" accrues on the date that the debt or performance becomes due. C.R.S. § 13-80-108(8) provides that a cause of action for any other loss or injury accrues on the date the plaintiff discovers, or should have discovered by the exercise of reasonable diligence, the fact of that loss or injury. The Colorado Supreme Court has reconciled the potential for these statutes to yield disparate accrual dates and limitations periods by noting that the more specific provisions – the six year statute of §103.5 and the accrual date of § 108(4) – trump more general provisions when the cause of action falls within the language of the more specific provision. *BP America Production Co. v. Patterson*, 185 P.3d 811, 814 (Colo. 2008).

Thus, the Court's first task is to determine whether Ms. Clyne's contract claim is one to "recover a liquidated debt or an unliquidated, determinable amount of money due" under the more specific provision, C.R.S. § 13-80-103.5(1)(a). An amount is "liquidated" or "determinable" when the agreement sets forth a method for determining the amount due, even if that method requires reference to external facts. *Interbank Investments LLC v. Vail Valley Consolidated Water Dist.*, 12 P.3d 1224, 1230 (Colo. App. 2000). Thus, a claim under an agreement that provides for the payment for services at $100 per hour is a determinable claim, even though external evidence is necessary to establish the number of hours worked. *Id.* Here, the express, written contract upon which Ms. Clyne bases her breach of contract claim provides that, in exchange for the $ 40,000, Mr. Walters "will pay promptly . . . the full amount of all distributions and dividends received from interest in the 400 shares." *Docket* # 82, Ex. D. Although calculating the sum due on the contract requires resort to external data – namely, the amount of distributions received by Mr. Walters on the 400 shares – once that information is in

11

hand, the contract specifies the method for calculating how much of that sum is payable to Ms. Clyne – namely, "the full amount." Accordingly, because the amount owed under the contract is determinable, the more specific six-year statute of limitations in C.R.S. § 13-80-103.5 applies. Thus, Ms. Clyne's breach of contract claim is timely if that claim accrued on or after August 4, 2002, the date six years prior to her commencement of this action.

Next, the Court turns to the question of accrual. As instructed by *BP America*, the Court examines whether the more specific accrual language of C.R.S. § 13-80-108(4) applies. There can be little dispute that Ms. Clyne's contract claim is one for "debt, obligation, money owed, or performance." The performance called for by the contract requires nothing more than Mr. Walters paying over a determinable amount of money, "promptly" after it is distributed to him. A discovery-based accrual date, such as that in the more general C.R.S. § 13-80-108(8) might be sensible where the breach of contract claim is premised on some difficult to perceive defect in performance (*e.g.* poor construction workmanship), but a contract that provides for the payment of a determinable sum of money on a reasonably determinable date is one that does not require a flexible accrual date. Accordingly, Ms. Clyne's breach of contract claim accrued on the first date upon which payment was due and not fully made.

The question, then, is when the first distribution covered by the agreement was made to Mr. Walters and not promptly paid over to Ms. Clyne. Here, the record is unclear, as neither party has submitted evidence that would show when Mr. Walters received distributions on the SunRay stock or what those distributions were. There is evidence in the record that Mr. Walters represented to others that he "estimate[d]" that dividends would begin being paid January 2001, but the record does not reflect whether any dividend was <u>actually</u> paid by SunRay at that time.

12

The contract only calls for Mr. Walters to pay over benefits that he actually received; it does not require him to make payments when no distributions are made to him. The parties make some reference to Mr. Walters disclosing in discovery the actual amounts and dates of dividends paid by SunRay, but those discovery responses are not included in the parties' briefing.

Mr. Walters is both the summary judgment movant and the party with the burden of proof at trial on the defense of statute of limitations, and thus, he is required to come forward with sufficient evidence to establish all of the elements of that defense.  Because there is insufficient evidence to demonstrate that performance under the contract was due (or not fully performed[4]) prior to August 4, 2002, Mr. Walters has not carried his burden here, and thus, the Court concludes that the defense of statute of limitations must await trial.[5]

---

[4]There is some evidence in the record that Mr. Walters made the first payment on the contract in January 2002, and made several additional payments in the spring of that year.  While this might be evidence that distributions had been made by SunRay prior to August 4, 2002, the record does not reveal whether Mr. Walters' payments to ms. Clyne indeed reflected the full amount of distributions he had received on or about these dates.  Mr. Walters would have breached the contract, and Ms. Clyne claim would have first arisen, the first time Mr. Walters paid over less than he received from SunRay.  The record before the Court does not clearly indicate when this date might be.

[5]The Court does not reach Ms. Clyne's apparent invocation of the doctrine of equitable tolling.  Equitable tolling is a disfavored doctrine that will be applied only if Mr. Walters "wrongfully impeded" Ms. Clyne's ability to bring her claim.  *Cork v. Sentry Ins.*, 194 P.3d 422, 427 (Colo. App. 2008).  To invoke that doctrine, Ms. Clyne would be required to make a clear showing that: (i) Mr. Walters knew the true facts giving rise to the accrual date in this matter (*i.e.* the facts that would show whether he had performed as required by the contract or not); (ii) that Ms. Clyne did not know those same facts; (iii) that Mr. Walters knew or should have known that Ms. Clyne would rely upon his representations; and (iv) that Ms. Clyne did indeed rely on those representations. *Id.*; *Olson v. State Farm Mut. Auto Ins. Co.*, 174 P.3d 849, 858 (Colo. App. 2007).  Whether Ms. Clyne has done so or can do so is a matter the Court will take up should Mr. Walters raise a timeliness defense at trial.

3.   <u>Unjust enrichment/constructive trust claim</u>

Mr. Walters raises two arguments with regard to Ms. Clyne's unjust enrichment/constructive trust claim: (i) that the claim is logically inconsistent with her claim for breach of contract; and (ii) that it is untimely.  The discussion above with regard to Mr. Walters' motion to dismiss disposes of the former, and for all practical purposes, the Court's discussion of the statute of limitations issue with regard to the breach of contract claim applies with equal force to this claim as well.

**<u>CONCLUSION</u>**

For the foregoing reasons, with regard to the remaining claims Ms. Clyne intends to pursue, Mr. Walters' Motion to Dismiss **(# 49)** is **DENIED**, and his Motion for Summary Judgment **(# 82)** is **DENIED**.

Dated this 16th day of September 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge